

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | CASE NO. 1:12-cv-00595 |
| Plaintiff, | |
| v. | Judge: Honorable Joan H. Lefkow |
| DOES 1 – 37, | Magistrate: Honorable Susan E. Cox |
| Defendants. | **ORDER** |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference and all the papers filed in connection with the motion, and relevant case law. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is **GRANTED**; it is further

**ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address; it is further

**ORDERED** that the ISPs listed in Exhibit A to the Plaintiff's Complaint must be served with a subpoena within fourteen (14) days of this Order. A subpoena served on an ISP listed in Exhibit A to the Complaint after fourteen (14) days of this Order is not authorized; and it is further

**ORDERED** that the ISP shall provide any affected subscribers with the court-directed notice, which is attached as Appendix A to this Order; and it is further

**ORDERED** that is the ISP and/or any putative Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service; and it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; it is further

**ORDERED** that, should the Plaintiff extend for any reason the return date of the subpoenas issued to the ISPs beyond the return date of thirty (30) days, the Plaintiff shall provide the Court with a status report which shall detail for each ISP (1) the reason for the extension of the return date; (2) the date on which a subpoena was issued to the ISP; (3) the number of IP addresses for which identifying information has been requested from and produced by the ISP; (4) the agreement, if any, that Plaintiff's counsel has in place regarding the timetable for production of identifying information; and (5) the specific date when the Plaintiff expects to complete receipt of the identifying information from the ISP; and it is further

**ORDERED** that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

**ORDERED** that subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff; it is further

**ORDERED** any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order.

DATED: FEB 23 2012

United States District Judge

## APPENDIX A

### READ AT ONCE

### COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider requiring the disclosure of the following information about you: name, current (and permanent) addresses, telephone number, and your email address and Media Access Control number. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Northern District of Illinois.

The Plaintiff in this lawsuit alleges that various people have infringed its copyright by illegally downloading and/or distributing its movie: "ExpTeens – November 25, 2011." The Plaintiff does not know the actual names or addresses of these people, but only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity. The Plaintiff has issued subpoenas to various Internet Service Providers to determine the identity of the subscribers of these IP addresses.

If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose to the Plaintiff your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking this information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time that this IP address was allegedly used to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your identification information from your Internet Service Provider, you may be added as a named defendant to its lawsuit.

### INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED, BUT IT WILL BE DISCLOSED IF YOU DO NOT CHALLENGE THE SUBPOENA BY THE DEADLINE IN THE ORDER.

Your identifying information has not yet been disclosed to the Plaintiff.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. If you would like legal advice, you should consult an attorney. In the next page, you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

You have until the deadline specified in the Order to file a motion to quash or vacate the subpoena. You must also notify your ISP.

If you file a motion to quash the subpoena, your identity will not be disclosed by your ISP until the court makes a decision on your motion. If you do nothing, then after the deadline specified in the Order your ISP must send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's "Consumers' Guide to Legal Help" can be found on the Internet at http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

The Illinois State Bar Association has a lawyer referral service that can be reached at (888) 663-2068 or online at http://www.illinoislawyerfinder.com/.

To maintain a lawsuit against you in the District Court for the Northern District of Illinois, the court must have personal jurisdiction over you. You may be able to challenge the United States District Court for the Northern District of Illinois' personal jurisdiction over you. Please note that even if your challenge is successful, the Plaintiff may still file a lawsuit against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at(305) 748-2102, by fax at (305) 748-2103 or by email at info@wefightpiracy.com. Please understand that these lawyers represent the company that has requested your identifying information in connection with the lawsuit. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | CASE NO. 1:12-cv-00595 |
| Plaintiff, | |
| v. | |
| DOES 1 – 37, | Judge: Honorable Joan H. Lefkow<br>Magistrate: Honorable Susan E. Cox |
| Defendants. | |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY
## PRIOR TO THE RULE 26(f) CONFERENCE

Plaintiff, through its undersigned counsel, hereby moves this Court *ex parte* for an Order granting limited discovery prior to the Rule 26(f) Conference. This motion is based upon the case record, attached memorandum and authorities cited therein, and the attached Declaration of Peter Hansmeier. Plaintiff seeks to issue subpoenas pursuant to Fed. R. Civ. P. 45 limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

Any information disclosed to the Plaintiff in response to a Rule 45 subpoena will be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

1

For all the reasons articulated in the attached memorandum, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

Bubble Gum Productions, LLC

DATED: February 15, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*