**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 1:12-cv-00595 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | |
| DOES 1 – 37, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE 3'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
<u>TO SEVER DEFENDANTS AND QUASH SUBPOENA</u>**

**I.   INTRODUCTION**

Plaintiff Bubble Gum Productions, LLC ("BGP") is the alleged copyright owner of the adult entertainment video entitled "ExpTeens – November 25, 2011." *See* Complaint (Dkt. 1) at ¶ 3. BGP alleges that it received a copyright registration for its adult entertainment video from the United States Copyright Office. *Id.* at ¶ 23. Through its Complaint, BGP asserts that 37 John Doe Defendants, including Movant, John Doe 3,[1] infringed its copyright for the adult video by allegedly downloading it via a peer-to-peer client, BitTorrent. *Id.* at ¶ 28. On March 1, 2012, BGP issued a subpoena to the seven internet service providers ("ISP") listed in Exhibit A of the Complaint for the identities of its customers who were assigned specific Internet Protocol ("IP") addresses, including an IP address allegedly assigned by one of the ISPs to Movant.

In recent years, owners and purported owners of copyright registrations relating to adult entertainment, including BGP, have attempted to abuse the federal joinder rules by suing dozens

---

[1] According to Movant's ISP, the IP address in question is 173.29.134.13, which is the 3rd IP address listed in Exhibit A to the Complaint (Dkt. 1-1), hence Movant's self-identification as John Doe 3.

1

of unrelated John Doe defendants in a single complaint. The complaints allege use of BitTorrent and other peer-to-peer clients to download allegedly copyrighted works. As the Honorable Harold A. Baker of the Central District of Illinois has noted, this mass-defendant litigation tactic is used to "wrest quick settlements, even from people who have done nothing wrong". *VPR Int'l v. Does 1-1017*, No. 11-cv-02068-HAB-DGB, Dkt. 15 at 3 (C.D. Ill. Apr. 29, 2011), attached hereto as Exhibit A.

BGP has improperly joined dozens of anonymous, unrelated individuals as defendants in the present "John Doe" action. At best, BGP has alleged that each of these individuals has used the same peer-to-peer client, BitTorrent, to download BGP's alleged copyrighted work. This alleged parallel use of the same file-sharing protocol does not amount to the same transaction or occurrence, as would be required for proper joinder. In addition, each of the dozens of defendants will likely have different defenses. As recognized by recent decisions in the Northern District of West Virginia, the proper judicial response to this misuse of the federal courts is severance of the action into separate actions for each individual defendant, coupled with quashing the subpoenas seeking the identity of all the severed defendants.

Accordingly, Movant respectfully requests that this Court dismiss the present action in its entirety or, in the alternative, sever from the action all John Doe Defendants except the single Defendant identified by the first IP address in Exhibit A to the Complaint, and quash any outstanding subpoenas relating to any of the severed Defendants, including that with respect to Movant, John Doe 3.

II. **THIS COURT SHOULD SEVER DEFENDANTS AND QUASH THE OUTSTANDING SUBPOENAS**

    A. **The Standard for Proper Joinder.**

Joinder of multiple defendants in one action is proper if:

2

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Pro. 20(a)(2). If parties are misjoined, a court should not dismiss the action completely, but rather "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

### B. Plaintiff Has Improperly Joined the John Doe Defendants.

BGP has failed to allege that John Doe 3 and the other John Doe Defendants have participated in the same transaction, occurrence, or series of transactions or occurrences. Instead, BGP merely alleges that each of the Defendants used the BitTorrent client to download BGP's alleged copyrighted work. *See* Complaint (Dkt. 1) at ¶ 28.

"However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records, LLC v. Does 1-38*, 2008 WL 544992, *2 (E.D.N.C., Feb. 27, 2008) (a copy of which is attached hereto as Exhibit B) (severing action against John Doe defendants accused of using the same Internet Service Provider and peer-to-peer networks to commit copyright infringement). *See also BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal., July 31, 2006) (a copy of which is attached hereto as Exhibit C) (*sua sponte* severing multiple defendants where only connection between them was allegation they used same Internet Service Provider to conduct copyright infringement); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, *19 (M.D. Fla., Apr. 1, 2004) (a copy of which is attached hereto as Exhibit D) (recommending severance of multiple defendants where only connection between them was allegation they used the same Internet Service Provider and peer-to-peer network to commit copyright infringement).

Joinder is improper here for the additional reason that each of the dozens of different Defendants will likely have different defenses, based on their individual circumstances. As described by one court facing another large set of "John Doe" defendants:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

*BMG Music v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa., Apr. 2, 2004) (a copy of which is attached hereto as Exhibit E).

In an attempt to mask its misjoinder, BGP raises the impossibility that all 37 of the John Doe Defendants may actually be the same individual. *See* Complaint (Dkt. 1) at ¶ 11. BGP's allegation is easily belied by the fact that it had to subpoena *seven* different ISPs in order to match up each of the alleged 37 IP addresses named in Exhibit A of the Complaint. It is extraordinarily unlikely that one individual would have accounts with seven different ISPs, especially when some of the named ISPs provide Internet access in a fundamentally different way using different equipment. For instance, for BGP's theory to be correct, an individual would need to have a cable modem and separate cable subscriptions to access Internet service provided by each of Comcast Corporation, RCN Corporation, Wide Open West, Mediacom Communications, and Charter Communications, plus a DSL modem and DSL subscription to access Internet service provided by AT&T Internet Services. In any event, Movant's ISP, Mediacom, only has identified one of the 37 IP addresses to be associated with Movant's ISP subscription.

4

Because BGP merely alleges that each of the John Doe Defendants has committed the same *type* of copyright infringement, and because those Defendants will likely have vastly different particular defenses, joinder of all Defendants in this case is improper.

> C. **This Court Should Sever From This Action All John Doe Defendants Except One, and Quash the Subpoenas Related to the Severed Defendants.**

Recently, a federal court in the Northern District of West Virginia found misjoinder under a set of factual circumstances nearly identical to the present one. *See Third World Media, LLC v. Does 1-1,243*, No. 3:10-CV-90 (N.D.W.V., Dec. 16, 2010) (a copy of which is attached hereto as Exhibit F). There, the owner of an adult entertainment video alleged copyright infringement over the Internet by numerous John Doe defendants identified only by IP addresses. *Id*. at *1. In response to an objection by one of the John Doe defendants, the court found misjoinder and severed from the action all such defendants (including the moving defendant) except one. *Id*. at *4. The court allowed the plaintiff to re-file *separate* actions against each individual severed defendant, but only if the plaintiff remitted a separate filing fee for each such action. *Id*. at *5. At the same time, the court quashed as invalid the subpoenas seeking the identity of all of the John Doe defendants who had been severed from the action. *Id*. at *4.

The *Third World Media* decision provides a useful roadmap for this Court to fashion an appropriate remedy for the misjoinder which BGP has committed here. This Court should sever from this action all John Doe Defendants (including Movant, John Doe 3) except the single Defendant identified by the first IP address in Exhibit A to the Complaint (Dkt. 1-1). The Court could allow BGP to re-file individual actions against each severed Defendant, upon payment of the appropriate filing fees. In addition, this Court should quash any outstanding subpoenas relating to any of the severed Defendants, because the information sought in them no longer has relevance to the action against the single remaining Defendant.

5

## III.    CONCLUSION

This Court should dismiss the present action in its entirety.  In the alternative, this Court should sever from the action all John Doe Defendants except the single Defendant identified by the first IP address in Exhibit A to the Complaint, and quash any outstanding subpoenas relating to any of the severed Defendants, including that with respect to Movant, John Doe 3.

                    Respectfully submitted,

                    JOHN DOE 3

Dated:  April 9, 2012            By:   s/  Scott R. Kaspar

                    Scott R. Kaspar (ARDC #6284921)
                    TOLPIN & PARTNERS, PC
                    11 South LaSalle Street, Suite 2900
                    Chicago, Illinois 60603
                    Phone:  (312) 698-8971
                    Fax:  (312) 803-9602
                    Email: Scott@tolpinlaw.com

                    *Attorneys for Defendant*
                    *JOHN DOE 3*

**CERTIFICATE OF SERVICE**

      I, Scott R. Kaspar, an attorney, hereby certify that on April 9, 2012, I caused to be filed electronically **MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE 3'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO SEVER DEFENDANTS AND QUASH SUBPOENA** with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to all counsel of record and constitutes proper service under Fed. R. Civ. P. 5(b)(2)(D) pursuant to L.R. 5.9 of the Northern District of Illinois.

                                                    /s/ Scott R. Kaspar